1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7

8    Roosevelt Foster, Jr.,
     Petitioner                          CV-11-1316-PHX-SMM (JFM)
     -vs-
9    Charles L. Ryan, et al.,            **Report & Recommendation On**
     Respondents.                        **Petition For Writ Of Habeas Corpus**
10

11                          **I. MATTER UNDER CONSIDERATION**

12          Petitioner, presently incarcerated in the Arizona State Prison Complex at

13   Kingman, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28

14   U.S.C. § 2254 on August 10, 2011 (Doc. 7), and supplemental records ("Motion to

15   Amend") on August 22, 2011 (Doc. 8).  On October 26, 2011 Respondents filed their

16   Response (Doc. 17).   Petitioner filed a Reply ("Motion for Judgment") on December 5,

17   2011 (Doc. 22).

18          At the outset, the undersigned observes that the resolution of this matter is

19   hampered by a lack of clarity in many of Petitioner's filings.  Petitioner has adopted

20   habits of littering his filings with citations to authorities with little analysis or argument

21   as to their relevance, interleaving exhibits (and sometimes partial ones) throughout

22   without any explanation of their relevance, combining records and arguments related to

23   the challenged conviction with those from other proceedings, and adopting expansive

24   descriptions of his filings which often seem to have little relationship to the substance of

25   the filing.  In addressing the Petition and related filings, the undersigned has applied the

26   instruction that *pro se* habeas filings must be liberally construed.  *See Laws v. Lamarque*,

27   351 F.3d 919, 924 (9th Cir. 2003).

28          The Petitioner's Petition is now ripe for consideration.   Accordingly, the

                                           1

undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND & PROCEEDINGS AT TRIAL

On January 5, 2009, Petitioner was indicted in Maricopa County Superior Court on one count of aggravated driving under the influence and one count of aggravated driving with an alcohol concentration of 0.08, arising out of events occurring on September 6, 2007.  (Exhibit A.) (Exhibits to the Answer, Doc. 17, are referenced herein as "Exhibit ___.")  The state filed allegations of four historical priors.  (Exhibit B.)  A mental competency evaluation was ordered (Exhibit C, M.E. 7/7/09), and eventually the trial court found Petitioner competent to stand trial.   (Exhibit D, M.E. 8/27/09.) Petitioner proceeded to a jury trial on October 6, 2009, and was found guilty of both counts of the indictment. On November 5, 2009, Petitioner was sentenced to concurrent terms of 10 years on each count.

Petitioner signed a Notice of Rights of Review, advising him that he was required to file any notice of appeal "within 20 days of the entry of judgment and sentence." (Exhibit I)  According to this notice, Petitioner's notice of appeal was due Wednesday, November 25, 2009.

### C.  PROCEEDINGS ON DIRECT APPEAL

**Court of Appeals** - On November 27, 2009, Petitioner filed a *pro per* Notice of Appeal (Exhibit J), which was dated November 23, 2009.  Counsel was appointed (Amended Petition, Doc. 7, Exhibits, Order 12/15/09), and eventually filed an Opening Brief (Exhibit H), dated June 8, 2010 asserting inability to find an issue for appeal, seeking leave to withdraw and for Petitioner to be granted leave to file a supplemental

brief.  After summarizing the procedural history and facts of the case, counsel reported:

> Counsel has found no arguable question of law that is not frivolous.  Counsel has contacted appellant soliciting suggested issues, but appellant has identified no issues appellant wishes counsel to raise.
> It is respectfully requested that this Court search the record for fundamental error.

(Exhibit H at 5.)

The Arizona Court of Appeals granted the leave to file a supplemental brief, directed counsel to forward the record to Petitioner, and set deadlines for further briefing.  (Amended Petition, Doc. 7, Exhibits, Order 6/29/10.)

Petitioner then filed a Supplemental Brief *in propria persona* (Exhibit K), complaining that counsel sought the mental competency evaluation without his knowledge, and that his probation had been revoked in another proceeding.

On August 30, 2010, the Arizona Court of Appeals dismissed the appeal for lack of jurisdiction on the basis that the notice of appeal had been filed more than 20 days after entry of judgment and sentence.  (Exhibit L.)   No other ruling on counsel's motion to withdraw, or other review of the record for error, was made..

**1st Arizona Supreme Court Case** - Petitioner submitted a series of petitions for review (Exhibits M (9/24/10), O (9/19/10), and Q (10/7/10)), that were rejected for various deficiencies of form (Notices of Deficiencies, Exhibits N (9/14/10), P (9/28/10), R (10/14/10).)  Petitioner ultimately succeeded in filing an adequate Petition for Review on October 29, 2010.  (Exhibit T, Letter 11/2/10.)  In transferring the matter, the Arizona Court of Appeals identified both Petitioner's "Petition for Permission to File in the Supreme Court State of Arizona Revised Statues Annotated Currentness Rules of Criminal Procedure" (Exhibit S), and his "Petition for Permitted to File in the Supreme Court" (Exhibit U).

Neither the Arizona Court of Appeals nor the Arizona Supreme Court identified either filing (Exhibits S and U as being the "petition for review."  Consequently, the

undersigned does not differentiate, and treats them jointly as Petitioner's petition for review by the Arizona Supreme Court.

Petitioner proceeded to file with the Arizona Supreme Court a series of motions (Exhibit V ("Permission to File Jointly"), W ("For a Accountable New Attorney"), X (same), Y ("For Rule 31.19 Petition for Review").

On January 19, 2011, the Arizona Supreme Court denied the Petition for Review (Exhibits S & U) and the other pending motions (Exhibits V, W, and X), in its case CR-10-0374-PR.  (Exhibit Z, Order 1/19/11.)

**2nd Arizona Supreme Court Case** - In the interim, Petitioner filed a "Petition for Review … Rule 46(c)" (Exhibit Y), which the Arizona Supreme Court filed in a new case (CR-11-007-PR) and summarily denied on May 11, 2011 (Exhibit GG).

On June 8, 2011, Petitioner submitted a "Petition for Review," which the Arizona Supreme Court deemed to be a motion for reconsideration, and which it summarily denied.  (Exhibit HH, Order 6/16/11.)

**3rd Arizona Supreme Court Case** - Petitioner commenced a third case with the Arizona Supreme Court (a "Petition to File Writ of Certiorari" and a "Petition to Review," both of which were dismissed.  The Court considered the former an improper motion for reconsideration, and found the latter failed to identify the decision or order of the Arizona Court of Appeals the review of which was sought.  (Amended Petition, Doc. 7, Exhibits, Order 6/27/11.)

**Renewed Efforts in Court of Appeals** - During the pendency of his petition for review to the Arizona Supreme Court, Petitioner filed with the Arizona Court of Appeals a "Motion for Reconsideration" (Exhibit AA.)   That motion was deemed to be an untimely Petition for Review, the clerk noting the Arizona Supreme Court's January 19, 2011 order denying Petitioner's original petition for review.  Consequently, it was not filed.  (Exhibit BB, Notice 2/3/11.)  The clerk noted the deadline for a motion to stay the mandate pending a petition for certiorari to the United States Supreme Court.  (*Id.*)

Consequently, on March 7, 2011, Petitioner filed a Motion for Stay of Mandate

4

(Exhibit DD), which the Arizona Supreme Court forwarded to the Arizona Court of Appeals (Exhibit EE).  The Arizona Court of Appeals denied the motion on March 15, 2011 (Exhibit FF).

Petitioner then submitted a "Petition for Rule 31.23(b) Issuance of Mandate", which was returned unfiled because the case had been dismissed.  (Amend. Pet. Doc. 7, Exhibits, Letter 5/4/11.)

**U.S. Supreme Court** - Petitioner describes having filed a petition for certiorari in the United States Supreme Court on May 3, 2011.  (Amend. Pet., Doc. 7 at "3".)  Petitioner offers no case number or result, and the undersigned finds that this refers to his "Petition to File Writ of Certiorari" filed with the Arizona Supreme Court.


**D.  PROCEEDINGS ON POST-CONVICTION RELIEF**

The trial court's docket reflects that Petitioner did not seek any post-conviction relief.  (*See* Exhibit II, Docket.)  Petitioner asserted in his Amended Petition that he filed three petitions for post-conviction relief, and appealed them through to the Arizona Supreme Court.  (Doc. 7 at "5".)  However, the petitions he references were filed in the San Marcos Justice Court and the Pinal County Superior Court, apparently on other criminal prosecutions.  (*Id.* at "4", exhibits following, and "5".)  The undersigned finds that Petitioner did not file any petitions for post-conviction relief with the trial court, seeking review of the instant conviction.


**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 1, 2011 (Doc. 1).  That petition was dismissed with leave to amend, based upon Petitioner's failure to allege any violation of the Constitution, laws or treaties of the United States, and his inclusion of attacks on other convictions or sentences was irrelevant.  (Order 7/20/11, Doc. 6.)

On August 10, 2011, Petitioner filed the instant, Amended Petition (Doc. 7).

> Petitioner raises four grounds for relief in which he claims that his rights under the Constitution or laws or treaties of the United States were violated:
>
>> (1) The appellate court wrongly dismissed Petitioner's appeal;
>>
>> (2) The Arizona Supreme Court wrongly denied Petitioner's petition for review;
>>
>> (3) The appellate court wrongly closed Petitioner's case and "did not examine the petitioner['s] petition and did not take into any consideration to see if the appeal was wholly frivolous"; and
>>
>> (4) Petitioner's probation in Pinal County was revoked after a "secret" probation revocation hearing at which Plaintiff was not represented.

(Order 9/14/11, Doc. 9.) Service and a response were ordered. (*Id.*)

Petitioner subsequently filed a "Motion to Amend" (Doc. 8), which was granted to the extent that the Court would consider the attachments to the Motion to be part of the Amended Petition. (Order 9/14/11, Doc. 9.)

With the benefit of the record, the undersigned liberally construes Petitioner's Petition as asserting in multiple grounds two claims for relief: (1) that the Arizona Court of Appeals violated Petitioner's constitutional rights under *Anders,* etc. when it failed to conduct a review of the record for error following appellate counsel's motion to withdraw; and (2) that his sentence was based upon an invalid revocation of his probation in an Pinal County case.

**Response** - On October 26, 2011, Respondents filed their Response ("Limited Answer") (Doc. 17). Respondents argue that the petition is untimely, the claims either unexhausted or disposed of on independent and adequate state grounds, and that the claims are not cognizable federal claims.

**Reply** – After a string of denied motions to amend and motions to supplement, on December 5, 2011, Petitioner filed a "Good Cause Filing" (Doc. 22), which the Clerk denominated a "Motion for Judgment for Relief." The Court noted that the filing appeared to be a reply in support of the Petition, and so construed it. Petitioner was given 14 days to challenge that construction. (Order 12/7/11, Doc. 24.) Petitioner did not do

so.  Petitioner's filing simply argues the merits of some of his claims.

On January 12, 2012, Petitioner filed a "Motions/Stipulations for Extensions Time" (Doc. 31), which the Clerk construed as a "Notice."  This filing appears to simply give notice of Petitioner's intent to argue to the Arizona Supreme Court that Petitioner received ineffective assistance of counsel, because of a conflict of interest in his Pinal County Superior Court proceedings.

### III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.   One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

**2.  Commencement of Limitations Period**

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Pursuant to Arizona Rule of Criminal Procedure 31.3, an Arizona defendant has 20 days after entry of judgment and sentence to file a notice of direct appeal.  As concluded by the Arizona Court of Appeals, Petitioner failed to meet this filing deadline. (Exhibit L, Order 8/30/10.) Thus, Petitioner's conviction became final on November 25, 2009, twenty days after entry of his conviction and sentence on November 5, 2009.  (*See* Exhibit G, Sentence 11/5/09.) *See Beard v. Banks*, 542 U.S. 406, 412 (2004) (that a state court may reopen direct review does not render the conviction nonfinal).

If the date of finality is used as the commencement date, then Petitioner's one year would have expired on November 25, 2010, and neither his July 1, 2011 original Petition (Doc. 1), nor his August 10, 2011 Amended Petition (Doc. 7) would have been timely.

**Delayed Discovery** – Although the conclusion of direct review normally marks the beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, Petitioner's Grounds One and Three challenge the Arizona Court of Appeals' dismissal of his appeal without considering its merits.  Petitioner's Ground Four challenges the Arizona Court of Appeals' refusal to examine the impropriety of the revocation of his probation in a prior conviction in Pinal County.  Petitioner would not have been aware of such actions until the Arizona Court of Appeals' August 30, 2010 order.  (Exhibit L.)  Thus, the statute of limitations would not have commenced running until that date, and would not have expired until August 30, 2011, making his present petition filed August 10, 2011 timely.

Petitioner's Ground Two challenges the Arizona Supreme Court's denial of Petitioner's Petition for Review.  The first denial of a "Petition for Review" by the Arizona Supreme Court did not occur until January 19, 2011 (Exhibit Z), making this claim timely as well.

Thus, under § 2244(d)(1)(D), Petitioner's Amended Petition was timely.

**B.  EXHAUSTION, PROCEDURAL BAR AND PROCEDURAL DEFAULT**

Respondents argue that even if not barred by the statute of limitations, Petitioner's federal claims were either not fairly presented to the state courts and thus his state remedies were not properly exhausted and are now procedurally defaulted, or were presented and barred on independent and adequate state grounds..

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

**Proper Forum/Proceeding** - Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

Here, however, Petitioner's claims do not arise from proceedings at trial, but rather proceedings in his direct appeal.  To exhaust those claims, Petitioner would be left by the law of the case to either challenge the rulings through motions for reconsideration, or with regard to actions by the Arizona Court of Appeals, by further appeal to the Arizona Supreme Court. *See* Ariz.R.Crim.Proc. 31.18 (Motions for Reconsideration); and 31.19 (Petitions for Review). *See also Styers v. Schriror*, 547 F.3d 1026, 1034 (9th Cir. 2008) (error in Arizona appellate court properly raised by motion for reconsideration).

**Fair Presentment** - To result in exhaustion, claims must not only be presented in

the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### 2.  Procedural Bar / Independent and Adequate State Grounds

Federal habeas review of a defaulted federal claim is also precluded when the state court has disposed of the claim on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).   *But see, Stewart v. Smith*, 536 U.S. 856, 860 (2002) ("assum[ing]" independence standard applies on habeas). Generally, this occurs when a state applies a procedural bar to deny a claim.

To determine whether a state procedural ruling bars federal review, the habeas court must look to the "last reasoned opinion on the claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).   Thus, a summary denial following a reasoned decision is presumed to be based on the same grounds as the reasoned decision, and the habeas court should "look through" the summary denial to the rationale given in the reasoned decision. *Id*.

However, "the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (internal quotations omitted).   Where there is no reason given by the state court for its decision, and no lower or other reasoned decision to look through to, the habeas court

10

must ascertain for itself if the unreasoned judgment rests on independent and adequate state grounds, taking into considerations such things as the form of the "post card" denial, the arguments submitted in opposition to the claims, and the state court's knowledge of the effect of an unreasoned decision. *Hunter v. Aispuro*, 982 F.2d 344 (9th Cir. 1992).

### 3.  Application to Petitioner's Claims

In his Grounds One, Three, and Four, Petitioner challenges the Arizona Court of Appeals' dismissal of his appeal without considering its merits.  In his Ground Two, he challenges the rejection by the Arizona Supreme Court.  Petitioner argues that such dismissal resulted in violations of his rights under the Fifth, Sixth and Fourteenth Amendments, and the Civil Rights Act of 1964.  The substance of Petitioner's arguments appears to focus on the appellate courts' failure to review the record for errors after the withdrawal of appellate counsel.  In his Ground Four, Petitioner further challenges the trial court's reliance upon a prior conviction arising from a revocation of probation in a Pinal County case.  It is unclear to the undersigned whether Petitioner intends the latter to be a separate federal claim or evidence of the harm of the failure to conduct a review under *Anders*.

Petitioner made two requests for relief to the Arizona Court of Appeals subsequent to its dismissal of his direct appeal.  In his Motion for Reconsideration, Petitioner argued that the court of appeals had the obligation to review the record after the filing of an *Anders* brief, citing *U.S. v. Copeland*, 45 F.3d 254, 257 (8th Cir. 1995), and *U.S. v. Williams*, 894 F.2d 215 (7th Cir. 1990).  (Exhibit AA at 2.)  Both of those cases were founded upon the U.S. Supreme Court's holding in *Anders v. California*, 386 U.S. 738 (1967), which relied on due process, equal protection, and the Sixth Amendment right to counsel to proscribe simply allowing appointed appellate counsel to withdraw on the basis of a lack of ability to find an issue for appeal. In *Penson v. Ohio*, 488 U.S. 75 (1988), which was quoted in *Copeland*, the Court held that:

> When an *Anders* brief is filed, this court "must then itself conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous' " and "only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel."

*Copeland*, 45 F.3d at 257 (quoting *Penson*, 488 U.S. at 80). Petitioner's references to *Copeland*, etc. was adequate to raise a claim under *Anders*.

Petitioner's only other foray before the Arizona Court of Appeals after the dismissal of his appeal was his Motion for Stay of Mandate (Exhibit DD).  That motion raised no federal claims.

Petitioner could also have presented his federal claims to the Arizona Supreme Court in one of his various filings in his petition for review proceedings. The only reference to federal law in his "Petition" in Exhibit S is an unexplained reference to "Arizona and U.S. Constitution Article IV Part 2.19 Section 19."  (Exhibit S at 3.) Petitioner made a similar reference in his "Petition" in Exhibit U, and argued about federal habeas review of state evidentiary rulings and the admission of evidence "so prejudicial that it offends due process," and cited in support *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) (habeas review of state evidentiary rulings limited to due process concerns, etc.), and *Jammal v. Van de Kamp*, 925 F.2d 918, 919 (9th Cir. 1991) (same).  (Exhibit U at 1-2.)  Petitioner raised the same evidentiary argument in his original Supplemental Brief on Appeal. (Exhibit K at 6.)  However, Petitioner appears to present no evidentiary argument in the instant habeas petition.

Petitioner did raise to the Arizona Supreme Court  his *Anders* argument and cited to *Anders*, *Williams*, *Penson*, and *Copeland*. (Exhibit U at 2.)  He raised the argument again in his "Petition for Permission to File Jointly" (Exhibit V) and his Petition for Rule 31.19 Petition for Review…Rule 46(c)" (Exhibit Y).

Therefore, the undersigned finds that Petitioner fairly presented his argument under *Anders*, etc. to the Arizona Court of Appeals in his Motion for Reconsideration (Exhibit AA), and the Arizona Supreme Court in his various Petitions (Exhibits U, V,

and Y).

The only other argument raised in Petitioner's appeal was the revocation of his probation in the Pinal County case. (Exhibit K at 5.) Petitioner continues in his Ground Four to complain of a "secret probation revocation hearing and revoking the petitioner probation without representation…as a historical prior, and it have no merits." (Amend. Pet. Doc, 7 at "9".) The undersigned liberally construes this as an allegation that his sentence was founded upon a prior conviction resulting from an invalid revocation of probation. However, Petitioner did not raise this issue to the Arizona courts as a federal claim (except to the extent that it is deemed part of his exhausted *Anders* claim). His Supplemental Brief on direct appeal simply asserted the facts of the revocation. (Exhibit K at 5.) His "Petition for Permission to File" simply listed the Pinal County case number. (Exhibit S at 3.) It is not enough that all the facts necessary to support the federal claim were before the state courts or that similar claims were made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*). Failure to alert the state court to the constitutional nature of the claim amounts to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

To the extent that Petitioner now intends to present different grounds for relief, the undersigned finds that Petitioner failed to fairly present them on direct appeal.

**Independent and Adequate State Grounds** – Although (albeit understandably) miscasting Petitioner's claims, Respondents argue that all of his claims were procedurally barred on an independent and adequate state ground. (Answer, Doc. 17 at 26.)

The undersigned does not find that any of Petitioner's claims were barred under an independent and adequate state ground. It is true that Petitioner's original Petition was barred under Arizona's timeliness bar. Consequently, any of his current federal claims that were raised in his original appeal would be procedurally barred, and thus federal habeas review would generally be unavailable. However, the only fairly presented claim now raised by Petitioner is his *Anders* claims which was not raised until

13

the direct appeal has already been dismissed as untimely, and were not explicitly rejected on procedural grounds by either the Arizona Court of Appeals or the Arizona Supreme Court.  Moreover, given the nature of the claims, and the unusual procedural posture of the case at the time they arose and were presented, the undersigned finds no reason to conclude that the rejection of these claims was founded upon the tardiness of the original appeal, as opposed to the merits of the claim itself (although the merits are tied to the tardiness of the appeal).  *See Hunter*, 982 F.2d 344 (post card denial requires habeas court to ascertain nature of denial).

### 4.  Summary re Exhaustion

Based upon the foregoing, the undersigned finds that Petitioner's claim founded upon *Anders, Penson, etc* was fairly presented, and his state remedies properly exhausted Any other claims were not fairly presented to the state courts as federal claims, and Petitioner's state remedies were not properly exhausted.

### 5.  Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts, and thus they are procedurally defaulted. Respondents rely upon the preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time bar, set out in Ariz. R. Crim. Proc. 32.4(a).

14

**Remedies by Direct Appeal** - Petitioner's original direct appeal is closed.  Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence, and there is no provision for a successive direct appeal. Accordingly, review by direct appeal is not available to Petitioner.

**Remedies by Post-Conviction Relief** –  Petitioner can no longer seek review of his unexhausted claims by a subsequent PCR Petition.  Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."  Ariz.R.Crim.P. 32.2(a)(3).

Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*,  202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments).  For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.*  That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*  216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007).  In coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver.  202 Ariz. at 450, 46 P.3d at 1071.[8]

Here, Petitioner's discernible unexhausted claims, e.g. his attack on the probation

---

[8]  Some types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart,* 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes,* 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa,* 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes,* 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller,*  2008 WL 2651659 (App. 2008).

revocation, do not fit within the list of claims identified as requiring a personal waiver. Nor are they of the same character. Therefore, the undersigned concludes that Petitioner's claims would be precluded by his failure to raise them on direct appeal.

Timeliness Bar - Even if not barred by preclusion, unless the PCR court were to reopen Petitioner's dismissed PCR proceeding, Petitioner would now be barred from raising his claims in a new PCR proceeding by Arizona's time bars.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).  That time has long since passed.

Exceptions - Rules 32.2 and  32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h).  *See* Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz.R.Crim.P.  32.4(a) (exceptions to timeliness bar).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appear that such exceptions would apply.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> > (1) The newly discovered material facts were discovered after the trial.
> > (2) The defendant exercised due diligence in securing the newly discovered material facts.
> > (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

16

f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1(d) (expired sentence) generally has no application to an Arizona prisoner, like Petitioner, who is simply attacking processes employed in an earlier proceeding.  Petitioner asserts no newly discovered evidence and thus paragraph (e) has no application. Paragraph (f) might apply to Petitioner's attack on the validity of the probation revocation as a prior, the facts of which Petitioner presented in his Supplemental Brief in his untimely direct appeal, but Petitioner makes no suggestion that the failure to timely appeal was not his fault.  Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.  Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims.  *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had "not established that trial error ...amounts to a claim of actual innocence").

**Summary** - Accordingly, the undersigned must conclude that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims, and that the unexhausted claims are now procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

**6. Cause and Prejudice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been

procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas*, 945 F.2d at 1123. "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted). Here, Petitioner does not proffer any good cause to excuse his failures to exhaust, or his procedural default.

Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion

18

outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).   Here, Petitioner makes no pretense of asserting his actual innocence.

Accordingly, Petitioner's procedural defaults may not be avoided, and his unexhausted claims must be dismissed with prejudice.

## 7.  Summary re Exhaustion and Procedural Default

Petitioner fairly presented to the Arizona Court of Appeals and the Arizona Supreme Court his claims under *Anders, Penson, et al.*.  Any other claims that he intends to raise in his Petition have not not been fairly presented, were not properly exhausted, and are now procedurally defaulted.

## C.  MERITS OF *ANDERS* CLAIM

Petitioner's sole exhausted claim is his assertion that his rights under *Anders, Penson, et al.* were denied when the Arizona Court of Appeals proceeded to resolve his appeal after the motion to withdraw by appointed counsel without undertaking an independent review of the record to insure there were no non-frivolous claims to be addressed.

Although Respondents note that Petitioner cited *Anders* (Answer, Doc. 17 at 17), they do not address the merits of this claim.  Because the undersigned finds the claim plainly without merit, no supplemental briefing on the issue has been ordered.

### Requirements for Withdrawal of Counsel in Direct Appeal - *Anders* held:

> Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full

examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744.

In *Penson*, the Court applied *Anders* to a case where appointed counsel had simply advised the court that he "found no errors requiring reversal…and that he will not file a meritless appeal in this matter." 488 U.S. at 78. Counsel moved to withdraw, the state appellate court granted the motion, gave leave to the defendant to file a brief, and indicated it would thereafter review the record. *Id.* The Court found two errors: (1) counsel's motion "failed to draw attention to 'anything in the record that might arguably support the appeal,'" which "left the Ohio court without an adequate basis for determining that he had performed his duty carefully to search the case for arguable error and also deprived the court of the assistance of an advocate in its own review of the cold record on appeal," *id.* at 81; and (2) "the Court of Appeals should not have acted on the motion to withdraw before it made its own examination of the record to determine whether counsel's evaluation of the case was sound," *id.* at 82-83.

The *Penson* Court further held that prejudice is presumed from a violation of *Anders*, and that neither the prejudice prong applicable in ineffective assistance cases, nor the normal harmless-error standards apply. *Id.* at 354

However, the procedures outlined in *Anders* and its progeny "are merely one method of satisfying the requirements of the Constitution for indigent criminal appeals." *Smith v. Robbins*, 528 U.S. 259, 276 (2000). "States may-and, we are confident, will-craft procedures that, in terms of policy, are superior to, or at least as good as, that in *Anders*." *Id.* Indeed, the *Smith* Court referenced Arizona's procedure as outline in *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). *Smith*, 528 U.S. at 276, n. 7.

In *Clark*, the Arizona Court of Appeals expressed concern with the first issue in

20

*Penson*, *i.e.* counsel's obligation to set out arguments that counsel has already deemed frivolous, in light of counsel's ethical duties of candor to the court and loyalty to his client. The *Clark* court further found that the states retained authority to craft their own procedures to address the concerns in *Anders*.   The court described the procedures adopted by the Arizona courts as follows:

> Under our procedure, when appointed counsel determines that a defendant's case discloses no arguable issues for appeal, counsel files an *Anders* brief. The brief contains a detailed factual and procedural history of the case, with citations to the record. Counsel submits the brief to the court and the defendant. The defendant is then given the opportunity to file a brief *pro per*. After receiving all briefing, the court reviews the entire record for reversible error. If any arguable issue presents itself, the court directs appointed counsel to brief the issue. Only after the court has ascertained that counsel has conscientiously performed his or her duty to review the record, and has itself reviewed the record for reversible error and found none, will the court allow counsel to withdraw.

*Clark*, 196 Ariz. At 537, 2 P.3d at 96 (citations omitted).

**Petitioner's *Anders* Claim** - Here, Petitioner complains that he was denied his constitutional rights on appeal because no review of the merits of his claims was conducted by the Arizona court.  "The Arizona Court of Appeals Division One did not examine the petitioner['s] petition, and did not take into any consideration to see if the appeal was wholly frivolous."  (Amend. Pet. Doc. 7 at 8.)  Such review was not only prescribed in *Anders*, but the Arizona procedure requires that "[a]fter receiving all briefing, the court reviews the entire record for reversible error." *Clark*, 196 Ariz. At 537, 2 P.3d at 96.

Indeed, the record reflects no such review of the record, either in the order granting leave to file a supplemental brief (Amend. Pet. Doc. 7, Exhibits, Order 6/29/10) or in the Order dismissing the appeal (Exhibit L).

However, in this case the Arizona Court of Appeals was not compelled to decide the merits of Petitioner's appeal because the appeal had not been timely filed, and thus

the Court lacked jurisdiction over the appeal.  Accordingly, no review of the merits was necessary or even possible at all, whether adequately presented by counsel or not.  Regardless of the potential merits of any claim discovered by the court, it was powerless to correct those errors because of the tardy notice of appeal.  Indeed, the case could have been dispensed with before counsel was even appointed.

In an unpublished decision, the Fourth Circuit applied a similar approach:

> On review of an *Anders* appeal, we typically review the record in the case for any meritorious issues.  Having already dismissed Alvarez's appeal as untimely filed and finding no error in the [district] court's order denying his motion to extend time to file a notice of appeal, in this case, we do not reach the merits of Alvarez's substantive claims.

*U.S. v. Alvarez*, 249 Fed. Appx. 303, 304 n. (4th Cir. 2007) (unpublished).[1]

*Anders* and its progeny were erected to insure that an indigent defendant had equal representation by counsel on direct appeal, where that right is accorded.  While the Arizona Constitution may mandate a right to appeal, *see* Ariz. Rev. Stat., Const. Art. 2 § 24, the federal constitution make no such mandate, *see Evitts v. Lucey*, 469 U.S. 387, 393 (1985).  Here, Petitioner lost of his right of appeal by failing to file a timely notice of appeal.  Thus the protections of *Anders* and its progeny were unnecessary to preserve the fairness in that appellate process.

**Limits on Habeas Relief** - Even if this Court were inclined to find that *Anders* and its progeny should be read to require review of the record in untimely filed appeals, such a finding would itself be insufficient to afford Petitioner relief in this case.  While the purpose of a federal habeas proceeding is to search for violations of federal law, not every error justifies relief.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." *Woodford v. Visciotti*, 537 U. S. 19, 24– 25 (2002) (*per curiam*).  To justify habeas relief, a state court's decision must be "contrary to, or an

---

[1] *See* Fed. R. App. Proc. 32.1, authorizing citation to unpublished decisions if issued on or after January 1, 2007.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" before relief may be granted.   28 U.S.C. §2254(d)(1).  The undersigned has found no decision of the Supreme Court applying *Anders*, etc. to an untimely appeal.  Thus, the undersigned cannot say that the rejection of Petitioner's claims was contrary to Supreme Court law.  Given the unusual procedural posture of Petitioner's tardy appeal, the limits on the constitutional right to appeal, the flexibility accorded to the states under *Smith* in pursuit of *Anders*, and the fact that the only reported federal decision, *Alvarez*, reaches a result unfavorable to Petitioner, the undersigned cannot say that the rejection of Petitioner's *Anders* claim was an unreasonable application of Supreme Court law.

Therefore, Petitioner's *Anders* claim must be denied.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being  resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits.

To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

To the extent that Petitioner's claims are rejected on the merits, under the reasoning set forth herein, the constitutional claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

# V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the portion of Petitioner's Amended Petition for Writ of Habeas Corpus, filed August 10, 2011 (Doc. 7), asserting a claim under *Anders*, *etc.* be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Amended Petition for Writ of Habeas Corpus, filed August 10, 2011 (Doc. 7) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: May 8, 2012

11-1316r RR 12 05 01 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge